# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6750 | **DATE** | 9/26/2003 |
| **CASE TITLE** | PREVUE PET PRODUCTS vs. TARGETED MEDIA FOR MEDICINE, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismiss Amended Complaint (Doc. #17, 18)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' Motions to Dismiss Amended Complaint (Doc. #17, 18) are **DENIED**. Enter Memorandum Opinion and Order. Defendants to answer the amended complaint by 10/20/03. Status hearing to set discovery schedule set for 10/29/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 9 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 38 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

PREVUE PET PRODUCTS, )
an Illinois corporation, )
        Plaintiff, )
)    No. 02 C 6750
v. )
)    The Honorable William J. Hibbler
TARGETED MEDIA FOR MEDICINE, INC., )
a New Jersey corporation, and HENRY SCHEIN, )
INC., a Delaware corporation, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Prevue Pet Products, Inc. (Prevue) filed this diversity action against defendants Targeted Media for Medicine, Inc. (TMM) and Henry Schein, Inc (Schein). Defendants have now filed separate motions to dismiss Prevue's amended complaint pursuant to Fed.R.Civ.P. 12(b)(2) and (6). For the following reasons, defendants' motions are **denied.**

### I. Background

This dispute arises out of a contract between Prevue and an entity known as Enticent.com, Inc. (Enticent). In January 2000, the Illinois-based Prevue contracted with Enticent to exclusively distribute Enticent's newly conceived product, the Pet Locator Tag (the Tags). The Tags resembled ordinary pet identification tags except they contained a toll-free telephone number and a PIN number instead of the pet owner's personal information. Enticent's brainstorm was that upon discovering Enticent's tags, the finder would call the toll-free number, enter the PIN, and a centralized telephone relay system would locate the animal's owner. If successful, the Tags would reunite the owner with his lost pet while preserving the owner's anonymity.

Eager to begin operations, Prevue purchased 58,032 tags from Enticent in April of 2000. A year later, Prevue bought an additional 28,000 tags. In July 2001, before the Enticent sent the second shipment, the Delaware-based TMM bought Enticent's parent, Previdi. As the contract with Prevue was amongst Enticent's assets, TMM traveled to Illinois and met with Prevue's president to discuss the continued promotion and marketing of Enticent's Tags. The parties' contractual relations, which included regular phone contact, continued until about August 2002. After this date, Prevue claims that TMM stopped supporting the Tags' telephone relay service. This prompted Prevue to file the present action against TMM and its parent, Henry Shein, Inc., alleging breach of contract (Count II) and requesting injunctive relief (Count I). The Court granted Prevue's request for temporary injunctive relief, ordering TMM to reactivate and maintain the telephone relay system. Defendants subsequently moved to dissolve the injunction and dismiss Prevue's complaint. The Court granted defendants' motion to dissolve the restraining order but denied defendants' motion to dismiss, the latter ruling made without prejudice.

Prevue then filed an amended complaint supplementing its original complaint with counts of intentional interference with contractual relations (Count III) and intentional interference with business expectations (Count IV) against defendant Schein. Prevue also included an additional count against both defendants alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count V). In response, TMM moved to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(2) arguing that it was not subject to personal jurisdiction in Illinois. Alternatively, TMM moved to dismiss Counts III, IV, V pursuant to Fed.R.Civ.P. 12(b)(6) arguing that Prevue's allegations failed to state a claim.[1] Schein filed a separate motion to dismiss Counts II, III, IV, and V pursuant to rule

---

[1] TMM's motion to dismiss Counts III and IV was unnecessary because Counts III and IV were only brought against defendant Schein.

2

12(b)(6) arguing that Prevue had not alleged sufficient facts to pierce TMM's corporate veil. Schein also argued that Prevue lacked standing to bring a consumer fraud claim. In response, Prevue abandoned the contractual and business interference counts (Counts III and IV) against Schein, but maintained all other counts against both defendants. Thus, currently pending before the Court are claims against both defendants for injunctive relief (Count I), for breach of contract (Count II), and violations of the Illinois Consumer Fraud Act and Deceptive Business Practices Act (Count V).

## II. Standards of Review

As defendants bring the present motions under both rule 12(b)(2) and rule 12(b)(6), the Court will set forth the respective standards of review. To survive a rule 12(b)(2) motion, a plaintiff must establish a *prima facie* case of personal jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Once established, the Court must determine whether the assertion of jurisdiction over the defendant comports with due process. *Logan Prod., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). Additionally, when reviewing a challenge to jurisdiction, the Court may receive and weight affidavits. *O'Hare Int'l Bank v. Hampton et al.*, 437 F.2d 1173, 1176 (7th Cir. 1971). However, any factual conflicts are resolved in favor of the plaintiff. *Id.* Lastly, a conclusion that the plaintiff has established a *prima facie* case of personal jurisdiction does not relieve the plaintiff from proving jurisdictional facts at trial. *Id.*

Next, a motion to dismiss brought pursuant rule 12(b)(6) tests the sufficiency of the complaint and not the merits of the case. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court construes all the complaint's allegations in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations as true. *Id.* Moreover, the Court cannot dismiss a claim under rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

3

III. Analysis

Defendants' motions raise three issues. First, defendant TMM argues that the Court should dismiss Prevue's amended complaint because the Court lacks personal jurisdiction. In support of its position, TMM claims that TMM has insufficient Illinois contacts and that Prevue failed to properly effectuate service. Next, defendant Schein argues that Prevue's claims against Schein must fail because Prevue has not alleged facts necessary to pierce TMM's corporate veil. Lastly, both defendants argue that Prevue, as a corporate entity, lacks standing to bring a consumer fraud claim. The Court will address each issue in turn.

A. *Personal Jurisdiction*

TMM argues that it is not subject to personal jurisdiction in Illinois for two reasons. First, TMM claims that its contacts with Illinois are jurisdictionally insufficient. TMM also claims that Prevue failed to properly effectuate service. Both claims are without merit.

1. *TMM's Connections to Illinois*

A federal district court has jurisdiction over a nonresident corporation, such as TMM, if the corporation is "doing business" in Illinois or if the corporation performs one of the enumerated acts in the Illinois long-arm statute. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp., et al.*, 726 F.2d 1209, 1212 (7th Cir. 1984); 735 ILCS 5/2-209 et seq. Additionally, the exercise of jurisdiction must comport with due process requirements. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

a. *General Jurisdiction*

A corporation is "doing business" in Illinois if it regularly operates in the state with a fair measure of permanence and continuity, rather than occasionally or casually. *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). TMM's Illinois contacts do not rise to this level. TMM does not maintain an office, mailing address, or telephone number in Illinois. *Porterfield v.*

4

*Hanson*, 1996 WL 501578 *3 (N.D.Ill. Aug. 30, 1996). Nor does TMM have any agents, employees, or real property in Illinois. *Haedike v. Kodiak Research, Ltd.*, 814 F. Supp. 679, 682 (N.D.Ill. 1992). Rather, as described below, TMM's Illinois contacts appear isolated and related to a specific business transaction. Thus, TMM is not "doing business" in Illinois, as the phrase has been interpreted in this context. *Publications Int'l, Ltd. v. Simon & Schuster Inc.*, 763 F. Supp. 309, 310 (N.D.Ill. 1991).

### b. *Specific Jurisdiction*

A nonresident corporation may also be subject to the Court's personal jurisdiction if the corporation "transacts business" within Illinois and the subject matter of the dispute arises from such transactions. *See* 735 ILCS 5/2-209(a)(1). After carefully reviewing the parties' submissions, the Court concludes that TMM "transacted business" in Illinois as defined by the Illinois long-arm statute.

As an initial matter, the Court will address TMM's claim that it could not have transacted any business in Illinois because it was Enticent, not TMM, who contracted with Prevue. TMM therefore maintains that they had absolutely nothing to do with alleged business transaction (the contract between Enticent and Prevue) which forms the basis of this lawsuit. TMM's argument is unconvincing. Although TMM was not a party to the contract, it inherited Enticent's assets, including the contract, when its purchased Enticent's parent, Previdi. *Oxxford Clothes XX, Inc. v. Expeditors Intern. of Washington, Inc.*, 127 F.3d 574, 579 (7th Cir. 1997) ("[a]mong the assets of a corporation are its contracts . . . ."). Even without the operation of this general principal, TMM's behavior belies TMM's present attempt to detach itself from the contract. If TMM truly believed it had no association with the contract, TMM's employees would not have met with Prevue's president in Illinois to discuss the continued promotion and marketing of the Tags nor would TMM have maintained regular phone contact with Prevue regarding the contract's performance.

Moving on, the Court considers the following factors to determine whether a nonresident

5

defendant's Illinois-related business transaction was sufficient to subject the defendant to the Court's jurisdiction: 1) who initiated the transaction, 2) where the contract was entered into, and 3) where the performance of the contract was to take place. *Gordon v. Tow*, 498 N.E.2d 718, 722 (Ill. App. 1986). Although none of these factors are controlling, each one is significant. *Id*. Here, while it appears undisputed that Enticent (TMM's predecessor) did not initiate contractual relations with Illinois-based Prevue nor was the contract executed in Illinois, the contract clearly contemplated an ongoing relationship between the parties, one of which is located in Illinois. The contract provided that Enticent would ship Tags to Prevue in Illinois for distribution and also that Enticent would maintain contact with Prevue to provide technical support. Moreover, TMM cannot dispute that it conducted contract-related business relations with Prevue in Illinois after acquiring Enticent. For instance, in October 2001, TMM employees met with Prevue's president in Chicago over a two-day period to discuss promotion and marketing of the Tags. Additionally, TMM does not contradict Prevue's allegation that it participated in numerous phone calls with the Chicago-based Prevue about the failing Tags program. Taken together, these facts are sufficient to constitute the transaction of business in Illinois under the Illinois long-arm statute. *See Berndorf Belt Systems, Inc. v. Ascona Food Group*, No. 98 C 1055, 1998 WL 851496 *4 (N.D.Ill. Dec. 3, 1998) (transacting business standard met by "activity in furtherance of a [contract] while defendant is physically present in Illinois."); *see also D.S. America (East), Inc. v. Elemendorf Grafica, Inc.*, 654 N.E.2d 472, 477 (Ill.App. 1995)(single meeting between an agent of a nonresident defendant and an Illinois plaintiff may suffice to constitute the transaction of business for purposes of the Illinois long-arm statute). Accordingly, the Court finds that Prevue has met its burden of establishing a *prima facie* case of personal jurisdiction.

But our jurisdictional analyses does not end here. As stated above, the assertion of personal jurisdiction must also comport with state and federal due process. *RAR, Inc. v. Turner Diesel, Ltd.*, 107

6

\_ F.3d 1272, 1276.[2] Before a court can exercise personal jurisdiction over a defendant, (1) the defendant must have "minimum contacts" with the forum state, and (2) the exercise of jurisdiction must not violate "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Moreover, when the jurisdictional basis derives from a specific activity, the defendant should reasonably anticipate being haled into court in the forum state and the suit must arise out of or be related to the defendant's non-fortuitous contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-475 (1985); *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In this case, it is undisputed that TMM's representatives traveled to Illinois and met with Prevue employee to discuss TMM's contractual obligations to market and service the Tags. By engaging in such activities, TMM should have reasonably anticipated being subject to suit in Illinois arising out of its business relations with an Illinois company. *Deluxe Ice Cream Co.*, 726 F.2d 1209, 1213 (7th Cir. 1984). Accordingly, the Court finds that TMM's purposeful contacts with Illinois establish the constitutionally mandated connection with the forum state. While the Court recognizes that requiring TMM to litigate here might be somewhat burdensome, it is not unreasonable to ask a defendant who enters a forum state to further a business transaction to return to that state to litigate matters directly related to the defendant's business dealings. *Vikitron Ltd. Partnership v. Program Date Incorporated*, 759 N.E.2d 186, 198 (Ill. App. 2001).

   2.   *Service of Summons*

TMM's final jurisdictional argument challenges Prevue's service of summons. It is axiomatic that personal jurisdiction is only established if a defendant is properly served. *Central States, Southeast*

---

[2] The Illinois Supreme Court has given little guidance as to how state due process requirements differ from federal ones, so the Court will focus its analysis on the exercise of jurisdiction as interpreted under the Federal Due Process Clause. *RAR*, 107 F.3d at 1276.

*and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000). Rule 4(h)(1) allows a plaintiff to effect service on a corporation according to the law of the state in which the district court sits. Fed.R.Civ.P. 4(h)(1). Illinois law provides that private corporation, including out-of-state corporations, *see* 735 ILCS § 5/2-208(a), may be served "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State . . . ." 735 ILCS 5/2-204. Here, Prevue submits evidence showing that it served TMM's corporate secretary, through his executive assistant, at his business address. Illinois courts have found that service upon corporate secretaries is sufficient. *People v. Beaulieu Realtors, Inc.*, 494 N.E.2d 504, 507 (Ill. App. 1986); *United States of Loves Park v. Dohm*, 450 N.E.2d 974, 978 (Ill. App. 1983). These decisions make good sense as it is eminently reasonable to assume that corporate secretaries are capable of delivering such legal process to the appropriate corporate decision-makers. *Schmitt v. Schmitt*, No. 01 C 4028, 2002 WL 109359 *3 (N.D.Ill. Jan. 28, 2002). As TMM has not offered any evidence to show that service here was inadequate under the above standards, TMM's final argument against the Court's personal jurisdiction must fail.

B.  *Piercing the Corporate Veil*

Turning to defendant Schein's motion, Schein argues that Prevue has not alleged sufficient facts to establish its potential liability for its subsidiary's (TMM's) actions. Put another way, Schein claims that Prevue can prove no set of fact to pierce TMM's corporate veil. The parties dispute what body of law applies to this particular dispute. Corporate veil claims are analyzed under the state law. *Van Dorn Co. v. Future Chemical & Oil Corp.*, 753 F.2d 565, 570-71 (7th Cir. 1995). To determine which state's law applies, the Court consults the forum state's choice of law principles. *Klaxton Co. v. Stentor Electrical Manufacturing Co.*, 313 U.S. 487, 497 (1941). Illinois uses the "internal affairs doctrine" as its choice-of-

8

law principle when deciding matters of corporate governance. *Bagdon v. Bridestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir. 1990). Under this doctrine, the substantive law of the state of incorporation governs issues involving internal corporate affairs. *Id.* Here, both Schein and TMM appear to have incorporated in Delaware, so the Court will apply Delaware law to address Schein's challenges.

To pierce TMM's veil, Prevue's amended complaint alleges that Schein conducted TMM's hiring and firing of management and key employees and selected the company's officers. Prevue further alleges that Schein handled most dealings with TMM's outside vendors and suppliers. Finally, and of particular importance, Prevue alleges that Schein assumed the majority of TMM's financial liabilities. These allegations, if taken as true, may indicate that TMM did not operate as an separate corporate entity, was undercapitalized, and simply functioned as a facade for the dominant shareholder, Schein. *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1085 (D.Del. 1990). Although the Court expresses no opinion on merits of these accusations, Prevue's allegations against TMM's corporate identity are sufficient to withstand Schein's motion to dismiss.

C. *Consumer Fraud and Deceptive Business Practices Act*

Both defendants argue that Prevue cannot state a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505 *et seq.* (the Act) because Prevue is not a "consumer" and therefore lacks standing to bring a claim under the Act. While defendants are correct that the Act is designed to protect the individual consumers rather than corporate distributors like Prevue, the Act is not so restricted in its application. Rather, "where the dispute involves two businesses that are not consumers, the proper test is whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns." *CTS Corp. v. Raytheon Co.*, No. 02 C 3878, 1993 WL 157464 *3 (N.D.Ill. May 12, 1993). Here, Prevue argues that a

9

malfunctioning pet locator system implicates consumer concerns, as pet owners would be under the false assurance that their tagged animal was protected. Defendants have offered nothing to demonstrate that Prevue's articulated concerns are unfounded. Accordingly, the Court cannot conclude that Prevue has not alleged sufficient facts to establish standing under the Act. Defendants' motions to dismiss Count V are therefore denied.

### IV. Conclusion

Prevue has plead sufficient facts to establish a *prima facie* case of personal jurisdiction. Furthermore, the Court finds that the exercise of personal jurisdiction over defendants comports with due process. The Court also finds that Prevue has pled sufficient facts to support its claims against defendants. Defendants' motions are therefore denied.

IT IS SO ORDERED.

9/26/03

William J. Hibbler
United States District Court